2015 OCT -2 PM 3: 45

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| ARLENE J. ALITTO, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | No: _____ |
| | ) | |
| vs. | ) | |
| | ) | 2015L010069 |
| | ) | CALENDAR/ROOM H |
| AMERICAN BLUE RIBBON | ) | TIME 00:00 |
| HOLDINGS, LLC, a Delaware | ) | Premises Liability |
| Limited Liability Company, d/b/a | ) | |
| Bakers Square; FIDELITY NATIONAL | ) | |
| FINANCIAL, INC., a Delaware | ) | |
| Corporation; FIDELITY NEWPORT | ) | |
| HOLDINGS, LLC, a Delaware Limited | ) | |
| Liability Company; and BAKERS | ) | |
| SQUARE RESTAURANT, | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

COUNT I – Premises
*ARLENE J. ALITTO v. AMERICAN BLUE RIBBON HOLDINGS, LLC d/b/a Bakers Square*

NOW COMES the Plaintiff, ARLENE J. ALITTO, by her attorneys, ANKIN LAW OFFICE LLC, and complaining of the Defendants, AMERICAN BLUE RIBBON HOLDINGS, LLC, a Delaware Limited Liability Company, d/b/a Bakers Square, (hereinafter referred to as "AMERICAN BLUE RIBBON"), states as follows:

1. On and prior to October 12, 2013, AMERICAN BLUE RIBBON, was a Delaware Limited Liability Company.

2. On or about October 12, 2013, and for a long time prior thereto, the Defendant, AMERICAN BLUE RIBBON, owned and/or maintained or had a duty to maintain, both individually and by and/or through its agents, servants and/or employees, a building located at 270 E. Northwest Highway, City of Palatine, County of Cook, State of Illinois.



1

3. That on October 12, 2013 at approximately 6:00 PM, Plaintiff, ARLENE J. ALITTO, was lawfully on said premises located at 270 E. Northwest Highway, City of Palatine, County of Cook, State of Illinois.

4. That on and prior to October 12, 2013, Defendant, AMERICAN BLUE RIBBON, had a duty to keep its premises safe for those lawfully on the premises to include Plaintiff herein, ARLENE J. ALITTO.

5. Notwithstanding its duty, Defendant, AMERICAN BLUE RIBBON, by and through its agents, servants and/or employees, allowed an uneven section of sidewalk to remain in place near the entrance of the building, and as a result the Plaintiff, ARLENE J. ALITTO, fell and injured herself.

6. At the aforesaid time and place, the Defendant, AMERICAN BLUE RIBBON, as the owner and/or maintainer of the aforementioned premises, either individually or by and through its agents, servants and/or employees acted with less than reasonable care and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a. Improperly operated, managed, maintained and controlled its premises in allowing its sidewalk to remain in a dangerous and poor condition;

   b. Failed to warn the Plaintiff and other persons lawfully on said premises of the dangerous condition when Defendant knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff;

   c. Failed to make a reasonable inspection of its premises when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on said premises;

   d. Failed to repair or otherwise correct a tripping hazard on its premises;

   e. Failed to provide adequate safeguards to prevent Plaintiff from injury while Plaintiff was lawfully upon said premises;

2

    f.  Failed to provide adequate lighting for the exterior walkway; and

    g.  Was otherwise negligent in failing to keep its premises safe.

  7.  As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant, AMERICAN BLUE RIBBON, Plaintiff, ARLENE J. ALITTO, sustained serious and permanent injuries when she tripped and fell on said premises; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be healed an cured of her maladies; suffered, and will in the future continue to suffer, great pain, anguish, physical and mental suffering; and was deprived of earnings to which she might have otherwise been entitled.

  WHEREFORE, Plaintiff, ARLENE J. ALITTO, prays for judgment against the Defendant, AMERICAN BLUE RIBBON HOLDINGS, LLC, a Delaware Limited Liability Company, d/b/a Bakers Square, in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate Plaintiff for her injuries, losses and damages as herein above alleged, costs of suit, and any further relief which this Honorable Court finds fair and just.

COUNT II – Premises
*ARLENE J. ALITTO v. FIDELITY NATIONAL FINANCIAL, INC.*

  NOW COMES the Plaintiff, ARLENE J. ALITTO, by her attorneys, ANKIN LAW OFFICE LLC, and complaining of the Defendants, FIDELITY NATIONAL FINANCIAL, INC., a Delaware Corporation, (hereinafter referred to as "FIDELITY NATIONAL"), states as follows:

  1.  On and prior to October 12, 2013, FIDELITY NATIONAL was a Delaware Corporation.

3

2. On or about October 12, 2013, and for a long time prior thereto, the Defendant, FIDELITY NATIONAL, owned and/or maintained or had a duty to maintain, both individually and by and/or through its agents, servants and/or employees, a building located at 270 E. Northwest Highway, City of Palatine, County of Cook, State of Illinois.

3. That on October 12, 2013 at approximately 6:00 PM, Plaintiff, ARLENE J. ALITTO, was lawfully on said premises located at 270 E. Northwest Highway, City of Palatine, County of Cook, State of Illinois.

4. That on and prior to October 12, 2013, Defendant, FIDELITY NATIONAL, had a duty to keep its premises safe for those lawfully on the premises to include Plaintiff herein, ARLENE J. ALITTO.

5. Notwithstanding its duty, Defendant, FIDELITY NATIONAL, by and through its agents, servants and/or employees, allowed an uneven section of sidewalk to remain in place near the entrance of the building, and as a result the Plaintiff, ARLENE J. ALITTO, fell and injured herself.

6. At the aforesaid time and place, the Defendant, FIDELITY NATIONAL, as the owner and/or maintainer of the aforementioned premises, either individually or by and through its agents, servants and/or employees acted with less than reasonable care and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a. Improperly operated, managed, maintained and controlled its premises in allowing its sidewalk to remain in a dangerous and poor condition;

    b. Failed to warn the Plaintiff and other persons lawfully on said premises of the dangerous condition when Defendant knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff;

    c. Failed to make a reasonable inspection of its premises when it knew or in the exercise of ordinary care should have known that said inspection was

               necessary to prevent injury to the Plaintiff and others lawfully on said premises;

      d.      Failed to repair or otherwise correct a tripping hazard on its premises;

      e.      Failed to provide adequate safeguards to prevent Plaintiff from injury while Plaintiff was lawfully upon said premises;

      f.      Failed to provide adequate lighting for the exterior walkway; and

      g.      Was otherwise negligent in failing to keep its premises safe.

7.     As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant, FIDELITY NATIONAL, Plaintiff, ARLENE J. ALITTO, sustained serious and permanent injuries when she tripped and fell on said premises; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be healed an cured of her maladies; suffered, and will in the future continue to suffer, great pain, anguish, physical and mental suffering; and was deprived of earnings to which she might have otherwise been entitled.

WHEREFORE, Plaintiff, ARLENE J. ALITTO, prays for judgment against the Defendant, FIDELITY NATIONAL FINANCIAL, INC., a Delaware Corporation, in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate Plaintiff for her injuries, losses and damages as herein above alleged, costs of suit, and any further relief which this Honorable Court finds fair and just.

COUNT III – Premises
*ARLENE J. ALITTO v. FIDELITY NEWPORT HOLDINGS, LLC*

NOW COMES the Plaintiff, ARLENE J. ALITTO, by her attorneys, ANKIN LAW OFFICE LLC, and complaining of the Defendants, FIDELITY NEWPORT HOLDINGS, LLC, a Delaware Limited Liability Company, (hereinafter referred to as "FIDELITY NEWPORT"), states as follows:

5

1. On and prior to October 12, 2013, FIDELITY NEWPORT was a Delaware Limited Liability Company.

2. On or about October 12, 2013, and for a long time prior thereto, the Defendant, FIDELITY NEWPORT, owned and/or maintained or had a duty to maintain, both individually and by and/or through its agents, servants and/or employees, a building located at 270 E. Northwest Highway, City of Palatine, County of Cook, State of Illinois.

3. That on October 12, 2013 at approximately 6:00 PM, Plaintiff, ARLENE J. ALITTO, was lawfully on said premises located at 270 E. Northwest Highway, City of Palatine, County of Cook, State of Illinois.

4. That on and prior to October 12, 2013, Defendant, FIDELITY NEWPORT, had a duty to keep its premises safe for those lawfully on the premises to include Plaintiff herein, ARLENE J. ALITTO.

5. Notwithstanding its duty, Defendant, FIDELITY NEWPORT, by and through its agents, servants and/or employees, allowed an uneven section of sidewalk to remain in place near the entrance of the building, and as a result the Plaintiff, ARLENE J. ALITTO, fell and injured herself.

6. At the aforesaid time and place, the Defendant, FIDELITY NEWPORT, as the owner and/or maintainer of the aforementioned premises, either individually or by and through its agents, servants and/or employees acted with less than reasonable care and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a. Improperly operated, managed, maintained and controlled its premises in allowing its sidewalk to remain in a dangerous and poor condition;

    b. Failed to warn the Plaintiff and other persons lawfully on said premises of the dangerous condition when Defendant knew or should have known in

6

        the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff;

  c.    Failed to make a reasonable inspection of its premises when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on said premises;

  d.    Failed to repair or otherwise correct a tripping hazard on its premises;

  e.    Failed to provide adequate safeguards to prevent Plaintiff from injury while Plaintiff was lawfully upon said premises;

  f.    Failed to provide adequate lighting for the exterior walkway; and

  g.    Was otherwise negligent in failing to keep its premises safe.

7.    As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant, FIDELITY NEWPORT, Plaintiff, ARLENE J. ALITTO, sustained serious and permanent injuries when she tripped and fell on said premises; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be healed an cured of her maladies; suffered, and will in the future continue to suffer, great pain, anguish, physical and mental suffering; and was deprived of earnings to which she might have otherwise been entitled.

WHEREFORE, Plaintiff, ARLENE J. ALITTO, prays for judgment against the Defendant, FIDELITY NEWPORT HOLDINGS, LLC, a Delaware Limited Liability Company, in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate Plaintiff for her injuries, losses and damages as herein above alleged, costs of suit, and any further relief which this Honorable Court finds fair and just.

<u>COUNT IV – Premises</u>
*ARLENE J. ALITTO v. BAKERS SQUARE RESTAURANT*

NOW COMES the Plaintiff, ARLENE J. ALITTO, by her attorneys, ANKIN LAW OFFICE LLC, and complaining of the Defendants, BAKERS SQUARE RESTAURANT, (hereinafter referred to as "BAKERS SQUARE"), states as follows:

2. On or about October 12, 2013, and for a long time prior thereto, the Defendant, BAKERS SQUARE, owned and/or maintained or had a duty to maintain, both individually and by and/or through its agents, servants and/or employees, a building located at 270 E. Northwest Highway, City of Palatine, County of Cook, State of Illinois.

3. That on October 12, 2013 at approximately 6:00 PM, Plaintiff, ARLENE J. ALITTO, was lawfully on said premises located at 270 E. Northwest Highway, City of Palatine, County of Cook, State of Illinois.

4. That on and prior to October 12, 2013, Defendant, BAKERS SQUARE, had a duty to keep its premises safe for those lawfully on the premises to include Plaintiff herein, ARLENE J. ALITTO.

5. Notwithstanding its duty, Defendant, BAKERS SQUARE, by and through its agents, servants and/or employees, allowed an uneven section of sidewalk to remain in place near the entrance of the building, and as a result the Plaintiff, ARLENE J. ALITTO, fell and injured herself.

6. At the aforesaid time and place, the Defendant, BAKERS SQUARE, as the owner and/or maintainer of the aforementioned premises, either individually or by and through its agents, servants and/or employees acted with less than reasonable care and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a. Improperly operated, managed, maintained and controlled its premises in allowing its sidewalk to remain in a dangerous and poor condition;

  b. Failed to warn the Plaintiff and other persons lawfully on said premises of the dangerous condition when Defendant knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff;

  c. Failed to make a reasonable inspection of its premises when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on said premises;

  d. Failed to repair or otherwise correct a tripping hazard on its premises;

  e. Failed to provide adequate safeguards to prevent Plaintiff from injury while Plaintiff was lawfully upon said premises;

  f. Failed to provide adequate lighting for the exterior walkway; and

  g. Was otherwise negligent in failing to keep its premises safe.

7. As a direct and proximate result of one or more of the foregoing negligent acts or omissions of Defendant, BAKERS SQUARE, Plaintiff, ARLENE J. ALITTO, sustained serious and permanent injuries when she tripped and fell on said premises; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be healed an cured of her maladies; suffered, and will in the future continue to suffer, great pain, anguish, physical and mental suffering; and was deprived of earnings to which she might have otherwise been entitled.

WHEREFORE, Plaintiff, ARLENE J. ALITTO, prays for judgment against the Defendant, BAKERS SQUARE RESTAURANT, in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequately compensate Plaintiff for her injuries, losses and damages as herein above alleged, costs of suit, and any further relief which this Honorable Court finds fair and just.

                                                                                                                 _____
                                                                                                                  Attorney for Plaintiff

**Attorney #35193**
**Ankin Law Office LLC**
**162 West Grand Avenue**
**Chicago, Illinois 60654**
**312.346.8780**

10

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ARLENE J. ALITTO, | ) | |
|        Plaintiff, | ) | No: _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| AMERICAN BLUE RIBBON | ) | |
| HOLDINGS, LLC, a Delaware | ) | |
| Limited Liability Company, d/b/a | ) | |
| Bakers Square; FIDELITY NATIONAL | ) | |
| FINANCIAL, INC., a Delaware | ) | |
| Corporation; FIDELITY NEWPORT | ) | |
| HOLDINGS, LLC, a Delaware Limited | ) | |
| Liability Company; and BAKERS | ) | |
| SQUARE RESTAURANT, | ) | |
|        Defendants. | ) | |

## RULE 222(B) AFFIDAVIT

I, TELLY J. LIAPIS, being first duly sworn on oath, depose and state that the amount of damages sought in the above-captioned cause of action exceeds $50,000.00 for Plaintiff.

By: _____
              Attorney for Plaintiff

SUBSCRIBED AND SWORN to before
me this 2 day of Oct , 2015.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
LAURA DARBY
Notary Public, State of Illinois
My Commission Expires 4/8/2018

Attorney #35193
Ankin Law Office LLC
162 West Grand Avenue
Chicago, Illinois 60654
312.346.8780

11